UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KRISTA LEWELLYN and TODD LEWELLYN
O/B/O J.L. AND L.L.,

      Plaintiffs,
v.                      Case No.: 8:07-cv-1712-T-33TGW

SARASOTA COUNTY SCHOOL BOARD,

      Defendant.
_____/

**ORDER**

This cause is before the Court pursuant to Plaintiffs' Motion for Reconsideration (the "Reconsideration Motion" Doc. # 96), which was filed on January 12, 2010. Defendant filed a Response in Opposition to the Reconsideration Motion on January 22, 2010. (Doc. # 97). For the reasons that follow, the Court will deny the Reconsideration Motion.

**I.**   **Background**

Plaintiffs initiated this action on September 21, 2007. (Doc. # 1). Plaintiffs filed their Third Amended Complaint (the operative complaint) on July 21, 2008. (Doc. # 37). In Count I, Plaintiffs requested that this Court review and reverse the ALJ's decision concerning the education of their children, L.L. and J.L.

In Count II, Plaintiffs alleged that Defendant violated the Individuals with Disabilities Education Act (the "IDEA"),

20 U.S.C. § 1400, *et seq.*, *inter alia*, by failing to provide L.L. and J.L. with a free and appropriate public education ("FAPE"). (Id. at ¶¶ 79-85). Plaintiffs requested the following relief for Defendant's alleged violation of the IDEA: "re-evaluation at [Defendant's] sole expense of J.L. and L.L. by [Plaintiffs'] choice of qualified professional along with all compensatory education requirements arising from each such minor, disabled child's respective re-evaluation; and/or damages." Plaintiffs also requested reimbursement of attorney's fees and litigation costs pursuant to 20 U.S.C. § 1415(i)(3)(B). (Id. at ¶ 85). Furthermore, Plaintiffs requested that this Court "Support [Plaintiffs'] future requests for revocation of [Defendant's] funding under IDEA based on the Court's final disposition of these cases." (Id.)

In Count III, Plaintiffs alleged that Defendant violated Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, by discriminating against and retaliating against J.L. and L.L. on the basis of their disabilities. (Id. at ¶ 89). Plaintiffs requested the entry of a declaratory judgment stating that Defendant's practices, policies, and procedures subjected J.L. and L.L. to discrimination. In addition, Plaintiffs requested an injunction against Defendant as well

as compensatory damages, costs and attorney's fees. (Id. at ¶ 105).

In Count IV, Plaintiffs alleged that Defendant violated the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12132, *et seq.*, by discriminating against and retaliating against J.L. and L.L. on the basis of their disabilities. (Id. at ¶¶ 106-120). Plaintiffs requested declaratory and injunctive relief along with compensatory damages, attorney's fees, and costs. (Id. at ¶ 120).

In Count V, Plaintiffs asserted that Defendant, acting through its agents under color of law, violated the Fifth and Fourteenth Amendments to the United States Constitution. Thus, through the Civil Rights Act, 42 U.S.C. § 1983, Plaintiffs sought punitive damages, "civil rights remedies," injunctive relief, attorney's fees, and costs. (Id. at ¶ 140).

Defendant sought dismissal of the Third Amended Complaint, *inter alia*, on the basis of the absence of an administrative record from the ALJ. (Doc. # 46). The Court denied Defendant's motion to dismiss. (Doc. # 65).

On September 30, 2009, Defendant filed its Motion for Summary Judgment on all complaint counts. (Doc. # 81). On December 29, 2009, after considering Plaintiffs' response (Doc. # 90), the Court entered an Order granting Defendant's

Motion for Summary Judgment on each complaint count (Doc. # 94). Plaintiffs seek an order of reconsideration.

**II. <u>Analysis</u>**

As stated in <u>Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc.</u>, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "A motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." <u>Lamar Adver. of Mobile, Inc. v. City of Lakeland</u>, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." <u>Fla. College of Osteopathic Med., Inc.</u>, 12 F. Supp. 2d at 1308. Further, as explained in <u>Ludwig v. Liberty Mutual Fire Ins. Co.</u>, Case No. 8:03-cv-2378-T-17-MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005), "This Court will not reconsider its judgment when the motion for reconsideration fails to raise new issues but, instead,

relitigates that which the Court previously found lacking." Id. at 9-10. In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning." Id. at 11. (citation omitted).

Plaintiffs raise the following four contentions in the Reconsideration Motion:

> (1) As relates to both J.L. and L.L., the Lewellyns have correctly alleged and established prima facie cases for IDEA, discrimination, retaliation, and § 1983 claims;
> (2) Defendants' actions since January 1, 2006, regarding both J.L. and L.L. have been based on subjective decision-making and/or falsified evidence and all responses made by Defendants' [sic] to date, regarding the Lewellyns' multiple complaint (at the school, District, DOHA and Federal Court levels) have been "merely a pretext" for Defendants' multiple statutory and constitutional violations. . . .;
> (3) DOHA's Dismissal of the Lewellyns' timely brought Due Process cases violates *ROWLEY* . . . period; and
> (4) Failure to reverse the Order granting summary judgment wholly prejudices the Lewellyns, *continues* to deny the Lewellyns the Due Process of Law that has been sought since the inception of the complained of violations (dating back to as early as January 2006) and with all due respect, amounts to egregious error with dire consequences to J.L. and L.L.

(Doc. # 96 at 1-8)(emphasis in original).

Defendant counters that Plaintiffs have simply "regurgitated" their previously stated positions and "used their 'Motion for Reconsideration' to re-frame their

previously stated arguments." (Doc. # 97 at 1). Defendant also remarks that Plaintiffs have developed some new arguments, but a motion for reconsideration is not the appropriate forum for such new arguments.[1]  The Court has closely evaluated the Reconsideration Motion, and agrees with Defendant. Plaintiffs have failed to demonstrate that there has been an intervening change in controlling law.  In addition, Plaintiffs have not pointed to any new evidence.  Further, Plaintiffs have not argued that reconsideration is needed to correct clear error.  Instead, Plaintiffs have essentially rehashed the arguments found in their response to Defendant's motion for summary judgment.

As Plaintiffs' arguments merely consist of a restatement of previously asserted arguments and unsupported new arguments, Plaintiffs' motion for reconsideration is denied. This Court stands behind its rulings contained within its

---

[1] Defendant correctly notes, "These new arguments . . . could have been made in their [response] to the School Board's Motion for Summary Judgment and Memorandum of Law but were not.  These new arguments should not be considered now for the first time inasmuch as: (a) a motion to reconsider is not the proper pleading to raise arguments that could have been previously raised, (b) the new arguments are unsupported by any of the evidence, and (c) the new arguments do not provide any assistance to the Court as they are not supported by any applicable case law." (Doc. # 97 at 2).

Order granting summary judgment in Defendant's favor (Doc. # 94).

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiffs' Motion for Reconsideration (Doc. # 96) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 29th day of April 2010.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record